UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MEDARBOR, LLC,**

    **Plaintiff,**

v.

    Case No. 2:18-cv-1249
    Judge Michael H. Watson
    Magistrate Judge Chelsey M. Vascura

**OHIO RIVER LABORATORY/
IPATH, LLC, d/b/a OHIO RIVER
LABORATORIES, LLC,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

On January 24, 2019, this Court granted Attorney Patrick D. Quinn's motion to withdraw as counsel for Defendant Ohio River Laboratory/Ipath, LLC ("Ohio River"). (ECF No. 26.) In that Order, the Court ordered Ohio River to retain a trial attorney as provided for in Southern District of Ohio Civil Rule 83.4 within 30 days. (*Id.* at 2.) The Court advised Ohio River that "[f]ailure to comply with this Order may result in entry of default and default judgment against [Ohio River]." (*Id.*) On February 27, 2019, the Court extended Ohio River's time to comply with the Order until March 27, 2019. (ECF No. 31.) After it failed to obtain counsel of record by the extended date, the Court ordered Ohio River to show cause why the Clerk should not enter default against it as a sanction for failure to comply with the Court's January 24, 2019 and February 27, 2019 Orders. (ECF No. 36.) In addition, Plaintiff has now filed a motion for default judgment against Ohio River, seeking $450,000 in damages. (ECF No. 34.) To date, no

trial attorney has entered an appearance for Ohio River and no response to the show cause order or Plaintiff's motion for default judgment has been filed.

Federal Rule of Civil Procedure 16(f) provides that a Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Federal Rule of Civil Procedure 37(b)(2)(A) identifies entry of "a default judgment against the disobedient party" as a permissible sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also In re Leonard*, 644 F. App'x 612, 618 (6th Cir. 2016) (affirming trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders); *Dell, Inc. v. Advicon Computer Servs., Inc.*, No. 06–11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court orders in general . . . when the circumstances warrant as much."), *aff'd Dell, Inc. v. Elles*, No. 07–2082, 2008 WL 4613978 (6th Cir. June 10, 2008). Moreover, this Court "has the inherent power to 'protect[ ] the due and orderly administration of justice and . . . maintain[ ] the authority and dignity of the court . . . .'" *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925) (alternations in the original)).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to issue these harsh sanctions:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the [defaulting] party's conduct; (3) whether the [defaulting] party was warned that failure to cooperate could lead to [default judgment]; and (4) whether less drastic sanctions were imposed or considered before [default judgment] was ordered.

*Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation

2

omitted); *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Ohio River has disobeyed several orders of the Court and shows no indication that it intends to comply in the future. Moreover, Ohio River has been warned several times that failure to comply with these orders could result in default judgment. However, because this is a multi-defendant case, entry of default rather than default judgment is the better course.

"An entry of default and a default judgment are distinct concepts which must be treated separately." *ArmorSource LLC v. Kapah*, No. 2:18-CV-905, 2019 WL 1039748, at *2 (S.D. Ohio Mar. 5, 2019) (quoting *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) and *United States v. Topeka Livestock Auction, Inc.,* 392 F. Supp. 944, 950 (N.D. Ind. 1975)). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Northland*, 204 F.R.D. at 330 (quoting *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London,* 378 F. Supp. 403, 416 (S.D.N.Y.1974)). *See also Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09CV847, 2010 WL 1655536, at *1 (N.D. Ohio Apr. 22, 2010) (citing *Kimberly v. Coastline Coal Corp.,* 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir.1988) (table)). It would be particularly problematic to enter judgment against Ohio River at this time because Plaintiff's claims against it are alleged jointly against Ohio River and three other individual defendants. Because the non-defaulting defendants have the opportunity to defend against these claims, entry of default judgment against Ohio River at this time would create a risk of inconsistent judgments.

It is therefore **RECOMMENDED** that the Clerk enter default against Ohio River and that the Court defer entry of default judgment against Ohio River until the claims against its co-defendants have been resolved. It is further **RECOMMENDED** that Plaintiff's motion for default judgment (ECF No. 34) be **DENIED WITHOUT PREJUDICE** to renewal following resolution of the claims against the remaining defendant.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE