# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MEDARBOR, LLC,**

      **Plaintiff,**

v.

      Case No. 2:18-cv-1249
      Judge Michael H. Watson
      Magistrate Judge Chelsey M. Vascura

**MUSTAPHA MOULAD CHIKH,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On August 16, 2019, the Court ordered the sole remaining Defendant, Mustapha Moulad Chikh ("Chikh"), to show cause within fourteen days why the Clerk should not enter default against him as a sanction for failure to attend the Preliminary Pretrial Conference and to comply with his obligations under Federal Rules of Civil Procedure 26(f) and 30. (ECF No. 45.) To date, Chikh has not responded to the Court's Show Cause Order.

Federal Rule of Civil Procedure 16(f) provides that a Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Federal Rule of Civil Procedure 37(b)(2)(A) identifies entry of "a default judgment against the disobedient party" as a permissible sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also In re Leonard*, 644 F. App'x 612, 618 (6th Cir. 2016) (affirming trial court's sanction of default judgment where the defendants had willfully failed to comply with pretrial orders); *Dell, Inc. v. Advicon Computer Servs., Inc.*, No. 06–11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12,

2007) ("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court orders in general . . . when the circumstances warrant as much."), *aff'd Dell, Inc. v. Elles*, No. 07–2082, 2008 WL 4613978 (6th Cir. June 10, 2008). Moreover, this Court "has the inherent power to 'protect[ ] the due and orderly administration of justice and . . . maintain[ ] the authority and dignity of the court . . . .'" *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925) (alternations in the original)).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to issue these harsh sanctions:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the [defaulting] party's conduct; (3) whether the [defaulting] party was warned that failure to cooperate could lead to [default judgment]; and (4) whether less drastic sanctions were imposed or considered before [default judgment] was ordered.

*Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted); *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Chikh has disobeyed several orders of the Court and shows no indication that he intends to comply in the future. Moreover, Chikh was informed that failure to show cause for his failure to attend the Preliminary Pretrial Conference or to comply with his obligations under Rules 26(f) and 30 may result in entry of default. (ECF No. 45.) It is therefore **RECOMMENDED** that the Court **DIRECT** the Clerk to enter **DEFAULT** against Defendant Chikh. The undersigned finds that this sanction is warranted given Defendant Chikh's failure to

appear at the Preliminary Pretrial Conference and comply with Rules 26(f) and 30, and subsequent failure to respond to the Court's Show Cause Order.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE